GARVERICK ET AL. *v.* HOFFMAN ET AL.

(No. 43411—Decided May 16, 1969.)

Common Pleas Court of Richland County.

*Mr. Robert L. Ross* and *Messrs. Ross & Davis,* for plaintiff.

*Mr. Robert K. Rath,* city solicitor, for defendant city of Mansfield.

*Mr. William F. Gandert,* for defendant Merle Robertson.

LARSON, J. Plaintiffs herein seek to enjoin Thomas C. Hoffman, Auditor of the city of Mansfield, Ohio, from reporting to the Council of said city the transcript of the Board of County Commissioners, map and petition as pertain to annexation of one hundred sixty acres of land, more or less, in the Township of Madison, Richland County, commonly referred to as Broadview Park and also pray that further proceedings in connection with said annexation be permanently enjoined.

To this petition the city demurred and on November 8, 1968, this demurrer was overruled except as to directing the joinder of Myrle Robertson, agent for the petitioner, as a necessary party to the action. In accord with such direction an amended petition with the same prayer, joining Robertson as a new defendant, was filed November 21, 1968. An answer, consisting of three defenses, was filed by the city.

The facts essentially are:

On December 20, 1967, the petitioner requesting annexation to the city of Mansfield, Ohio, of a parcel of land situated in the Township of Madison and described as

being the northeast quarter of Section 18, Township 21, Range 18, Richland County, Ohio, containing one hundred sixty acres of land, more or less, was filed with the Richland County Board of Commissioners. This petition contained a full description and accurate map or plat of the territory sought to be annexed; designated that Mrs. Myrle Robertson had been authorized to act as agent; and was signed by one hundred forty-three resident freeholders residing in the area and stated that the total number of adult freeholders residing in the area sought to be annexed was one hundred ninety-eight. Subsequently, within twenty days of the filing, fifty-six of those who signed as petitioners filed with the County Commissioners, through their attorney, requests to withdraw their signatures from the aforesaid petition.

On February 21, 1968, hearing for annexation was held by the County Commissioners. Complied with prior to hearing were the statutory requirements for notice as set out in Section 709.031, Revised Code. On July 15, 1968, the Board of County Commissioners did enter an order upon its journal allowing the annexation, and delivery of a certified transcript etc., in full compliance with Section 709.033, Revised Code, was made to the defendant Hoffman as such City Auditor and filed with his office. September 17, 1968, being the next regular session of the Council of the city of Mansfield after the expiration of sixty days from the date of filing with the defendant Auditor, he as required by Section 709.04, Revised Code, did lay a certified transcript of all orders of the County Commissioners and other papers relating to the annexation proceeding before the legislative authority. Such application for annexation was accepted by the Mansfield City Council.

Annexation proceedings are purely statutory in nature and the applicable law in this instance consists of Sections 709.01 through 709.10, Revised Code. Almost without exception, these sections of the Code are relatively new, having become effective December 1, 1967. These statutes were enacted by the Legislature to clarify annexation law in Ohio. Increasing annexation in recent years had brought to a head numerous inadequacies in the former annexation statutes, leading to vexatious litigation not conducive to

serving the public interest. Where necessary to interpret these statutes this court will assume to give purpose to the words of the Legislature and assume that what is left out was purposely left out by the Legislature.

The court has been aided considerably in determining questions of fact by stipulations of counsel and by the admission into evidence of pertinent documents as exhibits. Eight questions of law were orally presented to the court at the time of the hearing as stipulated questions of law to be answered in this cause by this court. To answer all of these merely because asked would be in the nature of a declaratory judgment in an action praying for an injunction and would be improper and without legal effect from this court. Let counsel not be bemused that answer to these specific questions are not available should these questions properly reach this court.

Upon the pleadings, the evidence, the exhibits, stipulations, briefs and arguments of counsel it is the opinion of this court that the Richland County Board of County Commissioners acquired jurisdiction to hold a hearing on the annexation of the subject one hundred sixty acres. When this jurisdiction was acquired in this case, nothing occurred to remove this jurisdiction from them.

Petitioner contended that removal of signatures had this effect. This court does not agree with such contention and will discuss the matter later in this opinion. The statutory requirements for hearing on the petition were orderly and proper. The right to make a journal entry of July 15, 1968, is sustained by the evidence and allowing of the annexation was completely proper and showed no abuse of discretion which authorizes this court or any court to overrule the board's authority. This court will not substitute its opinion for that of the County Commissioners without cause.

Some question was raised that the Board of County Commissioners by allowing more than ninety days after the hearing to elapse before granting or denying the petition for annexation thereby lost their statutory authority to act upon the petition and hearing. This premise is without merit. The purpose of this paragraph of Section 709.033, Revised Code, to wit: "* * * The board of county

commissioners shall grant or deny the petition for annexation within ninety days after the hearing set pursuant to Section 709.031, Revised Code * * *'' is to place the mandatory duty upon the board to take some action, either grant or deny, on a petition after hearing. If they seek to table or avoid their duty, after 90 days a mandamus action will lie to force them to act. That this is the intent of the Legislature is fortified by the wording of Section 709.04, Revised Code, wherein it is spelled out that the result of no action by the legislative authority of the city shall be deemed a rejection of annexation. In annexation proceedings the County Commissioners serve as a discretionary conduit between petitioning freeholders and the city and the above paragraph from Section 709.033, Revised Code, is for the purpose of preventing the conduit from clogging.

It is further the opinion of this court that the defendant Thomas C. Hoffman, as Auditor of the city of Mansfield, complied with Section 709.04, Revised Code, and that this compliance by him was mandatory, not discretionary. Specific provision is made in the law with sufficient time to enjoin a City Auditor from laying these papers before the City Council. In this instance no such injunction either of a temporary or permanent nature issued to Hoffman.

Under its general equity powers this court may consider the proposal of petitioner that this annexation proceeding is void from the inception due to a failure to have a majority of the owners of real estate in such territory as signed to the petition. There were one hundred ninety-eight resident freeholders; one hundred forty-three valid signatures were on the petition when filed with the commissioners, this was more than a majority; fifty-six requested to withdraw their signatures within the twenty days after the petition was filed with the commissioners. We may assume that after the petition was filed less than a majority were in favor of this annexation. However, an annexation proceeding is not an election. The proceedings are governed by Sections 709.02 through 709.10, Revised Code, and these sections must be interpreted in their total context.

Not only jurisdiction to proceed to hearing on the petition but the duty to proceed to hearing falls to the com-

missioners when a proper petition under Section 709.02, Revised Code, is filed in the office of the commissioners pursuant to Section 709.03, Revised Code. A majority of qualified petitioners is required *at this time*. Signatures may be removed *as of the time the petition was filed* where obtained by fraud, duress, misrepresentation or undue influence, as provided by Section 709.032, Revised Code. For such causes signatures on deeds, wills and other instruments are declared void and such is the effect here.

Such effect is not set out in the statute for signatures withdrawn after the petition is filed with the commissioners. Quite the contrary: Section 709.033, Revised Code, states:

"* * * the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

"* * *

"(C) * * * and *as of the time the petition was filed* with the board of county commissioners the number of valid signatures on the petition constituted a majority of the adult freeholders residing in the territory proposed to be annexed. * * *"

Viewing these statutes together it is the opinion of the court that the commissioners have no jurisdiction unless the petition is signed when filed by a majority of the adult freeholders of the area, but if the petition when filed has the signature of a majority of the adult freeholders of the area then the commissioners acquire jurisdiction and have the duty to proceed in accordance with the law. The signators may change their opinion after petition is filed; they may express their opinion but they cannot thereby remove the duty from the commissioners to proceed.

To find otherwise would lead to the anomolous situation that signers could withdraw but signers could not be added to determine if on one day there existed a majority of an adult population determined twenty days before. Such confusion will not be legislated by this court.

That the commissioners may consider the withdrawn signatures when arriving at the decision to grant or deny the petition is within their province under Section 709.033, Revised Code.

This court does not now have nor did it have at any time after September 17, 1968, authority to enjoin Thomas C. Hoffman as prayed in the petition.

*Injunction denied and petition dismissed.*